# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00058-CR

**Jermaud Desmond Bennett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 20,206-CR, HONORABLE JACK HAMPTON, JUDGE PRESIDING

A jury found appellant Jermaud Desmond Bennett guilty of possessing less than four grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (c) (West Supp. 2002). The jury assessed punishment, enhanced by a previous felony conviction, at imprisonment for forty-five years and a $10,000 fine. We will affirm.

Appellant's first and second points of error assert violations of article V, section 7 of the Texas Constitution. That section provides that a district court "shall conduct its proceedings at the county seat of the county in which the case is pending, *except as otherwise provided by law.* He shall hold the regular terms of his Court at the County Seat of each County in his district in such manner *as may be prescribed by law.*" Tex. Const. art. V, § 7 (emphasis added). The seat of Milam County is Cameron, but appellant's trial was held in Rockdale.

The commissioners court in counties with a population of less than 30,000 "may provide for, operate, and maintain a branch courthouse outside the county seat." Tex. Loc. Gov't

Code Ann. § 292.0231(b) (West 1999).[1] "On approval of the commissioners court . . . a court . . . may . . . conduct any function at the branch courthouse that [it] is authorized to conduct at the courthouse located inside the county seat." *Id*. § 292.0231(d). On December 22, 1995, the Milam County Commissioners' Court designated the Roger Hashem Juvenile Justice Center in Rockdale as a branch courthouse and approved its use as a branch courthouse by the 20th District Court. *See* Tex. R. Evid. 204 (judicial notice of county ordinances). No violation of article V, section 7 is shown. Points of error one and two are overruled.

In his third point of error, appellant asserts that the court should have suppressed evidence seized as a result of an unlawful search. Appellant does not specify the evidence in question, but we assume he refers to the cocaine found during the search incident to his arrest for public intoxication. Appellant did not move to suppress this evidence and did not otherwise object to its admission. No error is presented. *See* Tex. R. App. P. 33.1; Tex. R. Evid. 103(a).

The judgment of conviction is affirmed.

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: March 21, 2002

---

[1] The population of Milam County according to the 2000 census is 24,238. *Texas Almanac* at 232 (2001).

Publish