Affirmed and Memorandum Opinion filed February 27, 2003









Affirmed
and Memorandum Opinion filed February 27, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00336-CR

____________

 

RODRICK DWAYNE RICHARDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 888,172

 



 

M E M O R A N D U M   O
P I N I O N

Appellant, Rodrick Dwayne Richards, was convicted by a jury
of possession of more than four grams of cocaine with intent to deliver the
same.  The jury subsequently found two
enhancement allegations to be true and assessed appellant=s punishment at confinement in the
state penitentiary for a term of 45 years. 
In two points of error, appellant contends (1) the trial court erred in
admitting evidence that was unlawfully seized by police, and (2) the evidence
is factually insufficient.  We affirm.








On September 15, 2001, Houston Police Officer James Garris
observed appellant, who was driving a sports utility vehicle, parked in the
middle of a street.  A woman was standing
outside the vehicle, leaning on the driver=s side window, and talking to
appellant.  In addition to witnessing an
obvious traffic violation, Officer Garris suspected the parties were also
engaged in a narcotics transaction.  The
vehicle was, in fact, stopped in front of a known narcotics house, and Garris
had made numerous arrests on this street for narcotics violations.  Officer Garris pulled his patrol car in front
of appellant=s vehicle, activated his emergency
lights, and ordered the female to place her hands on the hood of the sports
utility vehicle.  Officer Garris then
ordered appellant to exit the vehicle. 
As he did so, a baggie of crack cocaine slipped from appellant=s lap onto the street.  Appellant was then arrested and charged with
possession of cocaine.

In his first point of error, appellant contends the cocaine
seized by Officer Garris was the product of an unlawful detention.  Appellant, however, made no objection to the
introduction of the cocaine and did not move to suppress the evidence.  Accordingly, nothing has been preserved for
our review.  Tex. R. App. P. 33.1;
Tex. R. Evid. 103(a); Bennett v. State, 82 S.W.3d
397, 399 (Tex. App.CAustin 2002, no pet. h.).  Appellant=s first point of error is overruled.

In his second point of error, appellant claims the evidence
is factually insufficient to support the jury=s verdict.  Specifically, appellant notes that Tywanna
Allen, the woman who was talking to appellant at the time of his detention,
testified that she did not see a baggie fall to the street when appellant
exited his vehicle.  Instead, she said
the officer recovered the baggie some distance from appellant=s door in an area where three men had
been engaged in a drug transaction moments before Officer Garris arrived on the
scene.








  When conducting a
factual sufficiency review, the verdict is set aside only if it is so contrary to
the overwhelming weight of the evidence to be clearly wrong and unjust.  Johnson v. State, 23
S.W.3d 1, 6B7 (Tex.
Crim. App. 2000).  In this
endeavor, the evidence is considered equally, including the testimony of defense
witnesses and the existence of alternative hypotheses.  Orona v.
State, 836 S.W.2d 319, 321 (Tex. App.CAustin 1992, no pet.).  While we consider the factfinder’s
weighing of the evidence and can disagree with the factfinder=s determination, we are not free to
reweigh the evidence and set aside a verdict merely because we believe a
different result is more reasonable.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 133 (Tex.
Crim. App. 1996).  Thus, we must
defer to jury findings and find the evidence factually insufficient
 “only where necessary to prevent
manifest injustice.”  Id.

Here, the State offered rebuttal testimony from Officers
Sylvia Descours and Robert Blain, who arrived on the scene as “backup.”  Both officers testified they saw the baggie
of cocaine on the street next to the driver=s side door where appellant exited
the vehicle.  Reviewing all the evidence,
we do not find the jury=s verdict to be clearly wrong and unjust.  Accordingly, appellant=s second point of error is overruled.

The judgment of the trial court is affirmed.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed February 27, 2003.

Panel consists of
Justices Yates, Hudson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).