

**ATTORNEY GENERAL OF TEXAS**

GREG ABBOTT

September 2, 2004

The Honorable G.E. "Buddy" West
Chair, House Committee on Energy Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0245

Re: Whether the courtrooms and offices of the 40th and 378th District Courts may be located anywhere within the geographical boundaries of the City of Waxahachie (RQ-0200-GA)

Dear Representative West:

You ask whether the courtrooms and offices of the 40th and 378th Districts Courts may be located at any place within the geographical boundaries of the City of Waxahachie.[1]

## I.    Background

On December 20, 1849, the Texas Legislature enacted a statute creating Ellis County. *See* Act approved Dec. 20, 1849, 3d Leg., R.S., ch. 18, 1849 Tex. Gen. Laws 454, 454-55, *reprinted in* 3 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822-1897, at 16, 16-17 (Austin, Gammel Book Co. 1898). Section 4 of the act provides, in relevant part:

> [b]e it further enacted, That the commissioners, after having found the centre, and designated the places to be run for the county seat of said county of Ellis, shall cause an election to be held at the several precincts in said county, for the purpose aforesaid; and all persons having a right to vote for representatives in the State Legislature, shall be entitled to vote for the county seat; and the place receiving a majority of the whole vote, shall be the county seat of said county, and called Waxahachie.

*Id.* § 4. Because there existed "no town or community whatsoever at the site of the county seat when that location was selected in 1849," the election was held at the only residence, the cabin of E.W. Rogers.[2]

---

[1]Letter from Honorable G.E. "Buddy" West, Chair, House Committee on Energy Resources, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Mar. 18, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Brief from Honorable Joe F. Grubbs, Ellis County and District Attorney, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 1 (May 5, 2004) (on file with the Opinion Committee) [hereinafter Grubbs Brief].

On August 5, 1850, the Ellis County Commissioners Court organized Ellis County, and appointed a surveyor to "lay off the county seat, comprising sixty acres of land in a public square, lots, streets and allies [*sic*] of size and dimensions as may be determined by the court." Grubbs Brief, *supra* note 2, at 2. At the February 1851 term of the commissioners court, the surveyor reported that "the town map is complete and accompanies this report." *Id.* Previously, on November 19, 1850, Emory W. and Nancy Rogers had "deeded to Ellis County sixty-two acres which became the Original Town of Waxahachie." *Id.* The Ellis County Courthouse stands within the sixty-two acres deeded by Mr. and Mrs. Rogers. *See id.*

You indicate that, "[w]hen restoration of the historic courthouse in downtown Waxahachie . . . began in 1999, the 40th District Court and the 378th District Court were located to a series of interconnected portable buildings nearby." Request Letter, *supra* note 1, at 1. "Due to various circumstances, construction on the Justice Center has been delayed, leaving the courts in these temporary structures." *Id.* It has been suggested that the district courts could be moved to another location within the City of Waxahachie. *See id.* Some persons have raised concerns, however, that the courts may not be removed to any location outside the original city boundaries, *i.e.*, the sixty-two acres donated by the Rogers family. *See id.* You ask whether the 40th and 378th District Courts may locate their courtrooms and offices outside the original sixty-two acres, so long as they are located within the existing municipal boundaries of the City of Waxahachie. *See id.*

## II.     Relevant Law and Analysis

Article V, section 7 of the Texas Constitution, which provides for the creation of judicial districts, states that "[t]he court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." TEX. CONST. art. V, § 7. By its plain language, this provision does not indicate that the term "county seat" is limited to the original boundaries of the city designated as the county seat. In *Bridgman v. Moore*, 183 S.W.2d 705 (Tex. 1944), the Supreme Court of Texas said that "[o]ur Constitution and statutes require a district judge to hold court only at the county seat of the county, which means the *place* where the courthouse is situated." *Id.* at 708 (emphasis added). Although the term "place" could refer either to the precise physical location of the courthouse, we believe it more likely that "place" denotes the city or town designated as the county seat.

A subsequent case, *Stine v. State*, 908 S.W.2d 429 (Tex. Crim. App. 1995), suggests the above construction: "[T]he constitutional requirement that court proceedings occur in the county seat is a fundamental way to keep our most formal adversarial process open and public." *Id.* at 431. An even later case echoes this view:

> Article V, section 7, requires courts to conduct proceedings "at the county seat of the county in which the case is pending, except as otherwise provided by law." This requirement is jurisdictional.

*Garza v. State*, 974 S.W.2d 251, 262 (Tex. App.–San Antonio 1998, pet. ref'd); *see also Howell v. Mauzy*, 899 S.W.2d 690, 699 (Tex. App.–Austin 1994, writ denied) (the Texas Constitution requires a district court to conduct proceedings only at the county seat of the county in which the case is pending).

A brief submitted to us contends, however, that the existing City of Waxahachie is not in fact the county seat of Ellis County. The argument is as follows:

> The territory designated as the county seat of Ellis County was not a municipality, but a 62-acre tract of unimproved pasture land. Waxahachie is not, therefore, a "municipality designated as the county seat" as a matter of historical certainty. No municipality known as Waxahachie existed at the time of county seat selection and could not have been. Only E. W. Rogers' cowpasture, was so designated.
>
>      . . . .
>
> The county seat chosen by the electors of Ellis County in 1850 is the 62-acre "Original Town" located in what is now downtown Waxahachie, and that is where district courts must conduct their proceedings until a majority of county electors determine otherwise, or the constitution is amended . . . .[3]

This position has some support in case law. In *Pitts v. Camp County*, 39 S.W.2d 608 (Tex. Comm'n App. 1931, judgm't adopted), the court, in construing the meaning of the term "county seat" in a deed, stated as follows:

> [W]here an act of the legislature selects a certain town as county seat, the board of county commissioners had no authority to move the county courthouse to a portion of the town not embraced within its limits when the act was passed, notwithstanding that act of adding territory to the town was passed after the locating act, and that the actual establishment of the courthouse occurred after the enlargement of the town.

*Id.* at 616.

This contention—that the "county seat" of Ellis County is not in fact the City of Waxahachie, but only the original "62-acre 'Original Town,'" ignores the reality that the City of Waxahachie is widely recognized as the county seat of Ellis County. *See, e.g.,* TEXAS ALMANAC 173 (1999). Furthermore, the 1849 legislative act creating Ellis County did in fact declare that, whatever tract of land was selected by the voters would be the "county seat" of Ellis County and would be known as "Waxahachie." *See* Act approved Dec. 20, 1849, 3d Leg., R.S., ch. 18, 1849 Tex. Gen. Laws 454, 454-55, *reprinted in* 3 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822-1897, at 16, 16-17 (Austin, Gammel Book Co. 1898). The briefer acknowledges that the City of Waxahachie became an

---

[3]Brief from Mr. Fred Weldon, to Honorable Greg Abbott, Texas Attorney General, at 3-4 (May 2, 2004) (on file with the Opinion Committee) [hereinafter Weldon Brief].

incorporated "municipality" in 1871. *See* Weldon Brief, *supra* note 3, at 3. It is thus not clear that *Pitts* is strictly applicable to the situation posed here. In any event, *Pitts* was issued in 1931. In 1949, the legislature added to the original language of Texas Constitution article V, section 7, the following clause: "except as otherwise provided by law." TEX. CONST. art. V, § 7, *amended by Tex. H.J.* Res. 22, § 1, 51st Leg., R.S., 1949 Tex. Gen. Laws 1496, 1496. In 1987, the legislature enacted such a law.

Section 292.004 of the Local Government Code provides, in relevant part:

> (a) The commissioners court of a county may provide, inside the municipality designated as the county seat, an auxiliary courthouse, a jail, a parking garage, a facility for district, county, and precinct administrative and judicial offices and courtrooms, or any facility related to the administration of civil or criminal justice . . . .
>
> . . . .
>
> (c) If the commissioners court designates the facility as an auxiliary courthouse, the facility may not replace the courthouse at the county seat.
>
> (d) A court required by law to hold its terms at the county seat may hold its terms at a court facility provided under this section.
>
> (e) A district, county, or precinct officer required by law to maintain an office at the county seat may maintain an office and keep official records at a facility provided under this section. The officer must also keep an office at the county seat.

TEX. LOC. GOV'T CODE ANN. § 292.004 (Vernon 1999). Finally, subsection (a) speaks directly to the issue of territory annexed by the municipality designated as the county seat: "For purposes of this section, the municipality designated as the county seat includes territory added to the municipality after it became the county seat but excludes any part of the municipality outside the county." *Id.* § 292.004(a).

Thus, if there is any doubt about whether article V, section 7 of the Texas Constitution permits a county to locate the courtrooms and offices of district judges at any place within the county seat, section 292.004 of the Local Government Code removes that doubt. Even if it could be argued that the constitutional provision limits the location of the Waxahachie district courts to the city's original sixty-two acres, article V, section 7 also contains the language "except as otherwise provided by law." By enacting section 292.004, the legislature has "provided" such a law, and it is applicable to the situation you pose so long as Waxahachie is the "municipality designated as the county seat." *See Bennett v. State*, 82 S.W.3d 397, 398 (Tex. App.–Austin 2002, no pet.) ("[A] district court 'shall conduct its proceedings at the county seat of the county in which the case is pending, *except as*

*otherwise provided by law* . . . .'") (citing Texas Constitution article V, section 7). In our view, there can be no doubt that the City of Waxahachie, even if considered only to comprise its original sixty-two acres, is the "municipality designated as the county seat" of Ellis County. And section 292.004 makes abundantly clear that a county seat includes all territory within the *existing* boundaries of the municipality designated as the county seat.

We conclude therefore that the 40th and 378th District Courts may locate their courtrooms and offices outside the original sixty-two acres of the City of Waxahachie, so long as those courtrooms and offices are located within the existing municipal boundaries of the city.

## S U M M A R Y

The 40th and 378th District Courts may locate their courtrooms and offices outside the original sixty-two acres of the City of Waxahachie, so long as those courtrooms and offices are located within the existing municipal boundaries of the city.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee