**John Larry EUBANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–02–01017–CR.

Court of Appeals of Texas, Dallas.

Aug. 1, 2003.

---

Deborah Farris, Judge Edwin V. King, Dallas, for appellee.

William T. (Bill) Hill, Jr., Matthew R. Filpi, Asst. Dist. Atty., Dallas, for state.

Before Justices JAMES, FRANCIS, and LANG.

## OPINION

Opinion By Justice LANG.

On the Court's own motion, we withdraw our opinion of July 31, 2003 and substitute this opinion in its place.

John Larry Eubanks appeals the trial court's denial of his motion for post-conviction DNA testing pursuant to Texas Code of Criminal Procedure article 64.03 and brings three issues. In his first issue, appellant argues the trial court erred by finding that he had failed to establish by a preponderance of the evidence that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. In his second issue, appellant claims the trial court erred by finding that he failed to establish by a preponderance of the evidence that his request for DNA testing was not made to unreasonably delay the execution of sentence or administration of justice. In a third issue, appellant contends he received ineffective assistance of counsel during the hearing on his motion for post-conviction DNA testing. For reasons that follow, we resolve appellant's issues against him and affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 1987, a jury convicted appellant of the 1986 aggravated sexual assault of his daughter. The trial court sentenced him to fifty years imprisonment. We affirmed his conviction in an unpublished opinion on August 1, 1988. On October 10, 2001 appellant filed a pro se motion for post-conviction DNA testing pursuant to article 64.03 of the code of criminal procedure, and the trial court appointed counsel that day. The evidence appellant wanted tested was the "rape kit" taken from his daughter shortly after the assault, which consisted of a vaginal swab and smear, a blood sample, and pubic hair cuttings and combings. The State advised the trial court that the Southwestern Institute of Forensic Sciences ("SWIFS") was no longer in possession of the swab, smear, or blood sample. However, before the 1987 trial, tests by SWIFS showed no spermatozoa or seminal fluid on either the swab or smear. The trial court held a hearing on May 17, 2002 and, at the conclusion of the hearing, denied appellant's motion. This appeal followed.

### MOTION FOR DNA TESTING

In his first issue, appellant argues the trial court erred in finding that he failed to

establish by a preponderance of the evidence that an exculpatory result obtained through a DNA test would have resulted in his not being prosecuted or convicted of the offense. Appellant argues in his second issue that the trial court erred in finding that he failed to establish by a preponderance of the evidence that his request for DNA testing was not made to unreasonably delay the execution of sentence or administration of justice.

### A. The Article 64.03 Requirements For DNA Testing

In 2001, the legislature enacted chapter 64 of the code of criminal procedure, which governs motions for forensic DNA testing. Article 64.03 sets out the requirements for the tests. It provides that a trial court may order forensic DNA testing only if, *inter alia,* the court finds that (1) evidence still exists and is in a condition making testing possible, and (2) identity was or is an issue in the case. TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i), (a)(1)(B) (Vernon Supp.2003). Additionally, the convicted person must establish by a preponderance of the evidence that a reasonable probability exists that he "would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing" and that the request for the proposed DNA testing is "not made to unreasonably delay the execution of sentence or administration of justice." *Id.* art. 64.03(a)(2)(A), (B).

### B. Standard of Review and Applicable Law

In reviewing the trial court's decision, we afford almost total deference to the court's determination of historical-fact issues and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues. *See Torres v. State,* 104 S.W.3d 638, 640 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (citing *Guzman*

*v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997)). In reviewing a trial court's decision on post-conviction DNA testing, the ultimate question of whether a reasonable probability exists that exculpatory DNA tests would have proven innocence is an application-of-law-to-fact question that is reviewed de novo. *Torres,* 104 S.W.3d at 640 (citing *Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim.App.2002)).

While anyone may request DNA testing, by its explicit terms chapter 64 does not require the trial court to grant that request in all cases. Rather, the trial court must order testing only if the statutory preconditions are met. *See Bell v. State,* 90 S.W.3d 301, 306 (Tex.Crim.App. 2002). The court of criminal appeals has interpreted article 64.03(a)(2)(A) as requiring convicted persons to show "a reasonable probability exists that exculpatory DNA tests would *prove their innocence.*" *Kutzner v. State,* 75 S.W.3d 427, 438–39 (Tex.Crim.App.2002) (emphasis added). The term "reasonable probability" means a probability sufficient to undermine confidence in the outcome. *See Torres,* 104 S.W.3d at 640 (citing *Ex Parte Guzmon,* 730 S.W.2d 724, 733 (Tex.Crim.App.1987)). A trial court does not err in denying post-conviction DNA testing where, at most, exculpatory DNA tests would "merely muddy the waters." *Kutzner,* 75 S.W.3d at 439.

### C. Application of Law to the Facts

In this case, the trial court noted that the victim's vaginal swab and smear could not be located. The trial court then found that testing of the pubic hair combings and cuttings would be "pointless" because results would merely confirm that the hair matched only the victim from whom they were taken. Therefore, the trial court found that no relevant evidence suitable for testing still existed. On ap-

peal, appellant argues the pubic hair combings "should be tested to determine whether or not there is somebody's hair other than the victim which could be ascertained by tests done at SWIFS." Appellant contends in his brief that "if this testing is favorable to him, a reasonable probability exists that he would not have been prosecuted or convicted."

We conclude appellant did not meet his burden for requesting post-conviction DNA testing in the trial court. Appellant's argument essentially suggests that *if* the victim's pubic hair analysis were to show the presence of hairs of a third party, it would cast doubt on the victim's credibility and version of events. Yet, it is clear that the convicted person must do more than simply ask for the testing so that he *might* be able to raise an argument. The prospect of casting doubt is clearly not enough to meet the burden of proof to show a reasonable probability of one's innocence. The legislature required more and said that one cannot merely ask to develop test results so that he can cast doubt on the conviction. After all, that would simply "muddy the waters." *See Kutzner,* 75 S.W.3d at 439 n. 27.

Because appellant has not shown, as the statute requires, that a reasonable probability exists that exculpatory DNA tests would prove his innocence, we decline to disturb the trial court's determination. *See Rivera,* 89 S.W.3d at 59 (absence of the victim's DNA from under appellant's fingernails would not have supported the probability of appellant's innocence in light of his earlier oral confession which was corroborated by independent evidence); *Torres,* 104 S.W.3d at 641 (appellant's

claim that the absence of the victim's blood on a firearm found in his possession, which he alleged would be established by DNA testing and would suffice to show that he was not the person who robbed the victim, failed to show with reasonable probability that tests would prove his innocence because there was other substantial competent evidence to establish his guilt); *Thompson v. State,* 95 S.W.3d 469, 472 (Tex.App.-Houston [1st Dist.] 2002, pet. filed) (defendant did not establish that DNA testing would produce exculpatory results when other competent evidence was available to show that he committed the offense). Accordingly, we resolve appellant's first issue against him.[1]

Appellant's second issue asserts the trial court erred in finding that he "failed to establish by a preponderance of the evidence that his request for DNA testing was not made to unreasonably delay the execution of sentence or administration of justice." Because the trial court's order denying DNA testing did not make such a finding, appellant's second issue is without merit. Thus, we resolve appellant's second issue against him.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his third issue, appellant complains he received ineffective assistance of counsel during the hearing on his motion for DNA testing because his court-appointed attorney failed to amend appellant's pro se motion to include either a sworn affidavit containing a statement of facts in support of the motion or a statement as to what evidence was to be tested and what significance testing would have. The court of criminal appeals has not yet decided

---

1. Although the issue was not briefed by either the State or appellant, we note that appellant's identity was not an issue at trial. The main issue at trial was whether a sexual assault occurred. The victim, appellant's daughter, testified unequivocally that she had been sexually assaulted several times by appellant, her father, over the course of one afternoon in December 1986.

whether an appellant may raise a claim of ineffective assistance arising from a hearing under chapter 64. *See Bell,* 90 S.W.3d at 307. However, the *Bell* court did craft a guide as to the appropriate analysis of such a claim, although it did so only for the sake of argument. Accordingly, assuming *arguendo,* as the court did in *Bell,* that such a claim may be raised, appellant fails to meet his burden.

■ In order to prevail on a claim of ineffective assistance of counsel, an appellant must first prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002). He must then show that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Bone,* 77 S.W.3d at 833. The record on a direct appeal will often be inadequate to determine whether counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that his conduct was reasonable and professional. *Bell,* 90 S.W.3d at 307.

■ The record here does not show that the alleged errors had any impact on the court's ruling. Regardless of whether counsel did not amend the pro se motion to include a sworn affidavit containing a statement of facts, appellant still failed to show a reasonable probability that DNA testing of the pubic combings would prove his innocence. The fact that appellant's pro se motion was not amended is not determinative here since the trial court appears to have given appellant a full opportunity to be heard. Because appellant has not shown that his counsel's actions prejudiced the outcome of his motion for DNA testing, he fails the second prong of *Strickland.* We resolve appellant's third issue against him.

### CONCLUSION

We conclude appellant did not show a reasonable probability existed that exculpatory DNA tests would have proven his innocence. Also, we conclude the trial court did not find, as appellant suggests, that his DNA testing was made to "unreasonably delay the execution of sentence or administration of justice." Finally, we conclude appellant failed to show that his counsel's actions prejudiced the outcome of his motion for DNA testing. Having resolved each of appellant's issues against him, we affirm the trial court's order denying appellant's motion for DNA testing.