Affirmed and Opinion filed August 1, 2006








Affirmed and Opinion filed August 1, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01018-CR

____________

 

CHRISTOPHER JAMES MURPHY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 449021

 



 

O P I N I O N

In November 1987, appellant Christopher James Murphy was
convicted of aggravated sexual assault and sentenced to sixty-five years in prison. 
In 2002, he filed a motion seeking forensic DNA testing of biological evidence
obtained during the investigation of the assault.  The trial court denied the
motion, finding that appellant failed to establish that identity was an issue
in the case, as required by article 64.03 of the Texas Code of Criminal
Procedure.  In his sole issue, appellant contends that the trial court erred in
denying his post-conviction motion for DNA testing.  We affirm.








Standards of Review

Under the version of article 64.03 applicable to appellant=s motion, a trial
court is permitted to order forensic DNA testing only if the court finds that
(1) the evidence to be tested still exists in a condition making testing
possible, (2) the evidence has been subjected to a reliable chain of custody,
and (3) identity was or remains an issue in the case.  Additionally, in order
to be entitled to forensic DNA testing, the convicted person must establish by
a preponderance of the evidence that (1) a reasonable probability exists that
he or she would not have been prosecuted or convicted if exculpatory results
had been obtained through DNA testing, and (2) the request for testing was not
made to unreasonably delay execution of the sentence.  Act of April 5, 2001,
77th Leg., R.S., ch. 2, ' 2, 2001 Tex. Gen. Laws 2, 3, amended
by Act of May 9, 2003, 78th Leg., R.S., ch. 13, ' 3, 2003 Tex. Gen.
Laws 16 (current version at Tex. Code
Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2005)).[1] 
The statute does not require convicted persons to prove their innocence before
a court may order DNA testing, but it does require convicted persons to show a
reasonable probability exists that exculpatory DNA tests would prove their
innocence.  Kutzner v. State, 75 S.W.3d 427, 438-39 (Tex. Crim. App.
2002).  This showing has not been made where exculpatory test results would
merely muddy the waters.  Id. at 439.  A trial court is not required to
hold a hearing prior to making determinations under article 64.03. Rivera v.
State, 89 S.W.3d 55, 58B59 (Tex. Crim. App. 2002).

In reviewing the trial court=s denial of
post-conviction DNA testing, we afford almost total deference to the court=s determination of
historical fact and application‑of‑law‑to‑fact issues
that turn on credibility and demeanor, while we review de novo other
application‑of‑law‑to‑fact issues.  Id. at 59. 
We review the ultimate question of whether a reasonable probability exists that
exculpatory DNA tests would prove innocence under a de novo standard.  Id.








Discussion

In his motion and accompanying affidavit, appellant stated
that the identity of the offender was and remains a material issue in the case
and that a reasonable probability exists that he would not have been convicted
if the evidence had been properly tested and the results revealed.  Beyond
these rote, conclusory statements, appellant made no factual allegations that
if true would establish that identity was an issue or that a reasonable
probability exists that he would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing.  Thus, appellant=s motion is
insufficient to entitle him to DNA testing.  See Eubanks v. State, 113
S.W.3d 562, 566 (Tex. App.CDallas 2003, no pet.) (stating Athe convicted
person must do more than simply ask for the testing so that he might be able to
raise an argument@); Green v. State, 100 S.W.3d 344,
344 (Tex. App.B San Antonio 2002, pet. ref=d) (holding trial
court did not err in denying motion for testing where convicted person did not
assert any facts supporting his assertion that identity is or was an issue in
an affidavit accompanying the motion); In re McBride, 82 S.W.3d 395, 397
(Tex. App.CAustin 2002, no pet.) (holding that trial court did
not err in failing to order testing where motion did not contain any factual
allegations that if true would support finding that identity was an issue or
that a reasonable probability existed as required by article 64.03).








In his brief, appellant posits that (1) the identity of the
perpetrator must be proven beyond a reasonable doubt in every criminal
prosecution, and (2) identity was an issue in this case because appellant never
confessed to the crime.  Certainly, in order to convict a particular person for
a particular offense, the State must prove beyond a reasonable doubt that the
person committed the offense.  See, e.g., Moore v. State, 700
S.W.2d 193, 199 (Tex. Crim. App. 1985) (AOf course, the
identity of the accused as the wrongdoer is one of the material issues which is
raised by the State=s pleading an offense in any charging
instrument . . . .@).  However, this does not mean that Aidentity@ by itself is an
issue in every criminal prosecution.  See Wilson v. State, 185 S.W.3d
481, 484-85 (Tex. Crim. App. 2006) (holding identity was not an issue because
the convicted person never challenged the issue of identity); see also
Eubanks, 113 S.W.3d at 566 n.1 (noting that identity was not an issue where
victim was convicted person=s daughter); Morris v. State, 110
S.W.3d 100, 103 (Tex. App.CEastland 2003, pet. ref=d) (holding
identity was not an issue because convicted person was victim=s mother=s long-term
boyfriend); McBride, 82 S.W.3d at 397 (noting that identity was not an
issue where prior DNA test inculpated convicted person).  The fact that
appellant did not confess to the offense in the present case also does not
necessarily mean that identity was an issue.  Courts have held that the fact
that a defendant confessed to an offense nullified the issue of identity, see,
e.g., Bell v. State, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002); however,
courts have also held that identity was not an issue for a number of other
reasons.  See Wilson, 185 S.W.3d at 484-85; Eubanks, 113 S.W.3d
at 566 n.1; Morris, 110 S.W.3d at 103; McBride, 82 S.W.3d at
397.  Thus, contrary to appellant=s assertions, the
mere fact that appellant was prosecuted and did not confess does not mean that
identity was an issue in this case.

Appellant=s primary defense at trial was not that he
was not the perpetrator of the offense but that no offense had occurred.  He
admitted to being with the complainant during the period of the alleged
assault, but he asserted the complainant fabricated the assault.  Additionally,
the complainant testified that appellant did not ejaculate during the sexual
assault.  With these circumstances in mind, it is not apparent how DNA testing
of the available evidence could be exculpatory for appellant.  Appellant
certainly offers no explanation.  Cf. Rivera, 89 S.W.3d at 60 (noting
that while a positive DNA match might indicate guilt, a negative result would
not indicate innocence under the circumstances of the case).  We further note
that in the original appeal of appellant=s conviction, he
did not attack the sufficiency of the evidence as it pertained to identity.  See
Green v. State, 100 S.W.3d 344, 345 (Tex. App.CSan Antonio 2002,
no pet.) (holding identity was not an issue where prior appellate challenge to
sufficiency of the evidence was directed to an element other than identity); McBride,
82 S.W.3d 397 (noting same).








Based on the foregoing, we find that appellant has failed
to demonstrate that identity was or remains an issue in this case or that a
reasonable probability exists that he would not have been prosecuted or
convicted if exculpatory results had been obtained through DNA testing. 
Consequently, the trial court did not err in denying appellant=s motion for
post-conviction DNA testing.  Appellant=s sole issue is
overruled.

We affirm the trial court=s order. 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed August 1, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellant=s
motion is governed by the former version of article 64.03 because appellant
filed his motion prior to the effective date of the amendment.  See Act
of May 9, 2003, 78th Leg., R.S., ch. 13, ' 9,
2003 Tex. Gen. Laws 16, 17.