COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
02-06-032-CR

 

 

KERRY RAY PETTY                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Kerry Ray Petty
pleaded guilty to the offense of aggravated kidnapping, and the trial court
sentenced him to ten years=
confinement.  Petty filed a
postconviction motion for forensic DNA testing, and the trial court denied the
motion.  In a single point, Petty argues
that the trial court improperly considered his guilt in denying his motion for
DNA testing.  Specifically, he contends
that the trial court based its finding that identity was not an issue in the
case solely on his guilty plea.  

In reviewing a trial court=s
decision on a motion for DNA testing, we employ a bifurcated standard of
review.  Rivera v. State, 89
S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997)).  We defer
to the trial court=s determination of issues of
historical fact and issues that turn on credibility and demeanor, while we
review

de novo whether the trial court was required to grant a motion for DNA
testing under chapter 64 of the Texas Code of Criminal Procedure.  Whitaker v. State, 160 S.W.3d 5, 8
(Tex. Crim. App.), cert. denied, 543 U.S. 864 (2004); Rivera, 89
S.W.3d at 59.  













To obtain DNA testing under chapter 64 of the
Texas Code of Criminal Procedure, the court must find that (1) the evidence
still exists and is in a condition making DNA testing possible and has been
subjected to a chain of custody sufficient to establish that it has not been
substituted, tampered with, replaced, or altered in any material respect and
(2) identity was or is an issue in the case. 
Act of April 3, 2001, 77th Leg., R.S., ch. 2, ' 2, 2001
Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a)(1) (Vernon Supp.
2006)).[2]  When a convicted person who pleaded guilty or
nolo contendere in the case submits a motion for DNA testing, the convicting
court is prohibited from finding that identity was not an issue in the case solely
on the basis of that plea.  Tex. Code Crim. Proc. Ann. art.
64.03(b).     Here, the trial court made the following findings of fact.[3]  The complainant, Jennifer Wells, knew Petty
because he was her husband.  Petty called
Wells at her friend Carol=s house.  Carol answered the phone and Aknew it
was Defendant.@ 
Petty spoke with Wells and asked her to come over; when Wells arrived,
the two got into an argument.  Petty Athen
forced Wells to accompany him to many different locations@ and
told her that he was going to shoot her. 
Carol became worried about Wells and called the number that came up on
her Caller ID when Petty had called; someone told her that Wells had picked up
Petty.  The trial court found that no
evidence existed that Wells lied about Petty kidnapping her or that Carol was
mistaken about who called her house.  The
court concluded that identity is not or was not an issue in the case and that
Petty failed to meet his burden because the record contains substantial
evidence of his guilt.  








Petty had to show that identity was or is an
issue in the case, see Wilson v. State, 185 S.W.3d 481, 484 (Tex. Crim.
App. 2006), but he has never claimed that the State was prosecuting the wrong
man; he claims only that the trial court improperly considered his guilty plea
in determining the issue of identity. 
The trial court concluded that identity is not or was not an issue
because Wells was Petty=s wife and could obviously
identify Petty as her assailant and because Carol, who knew Petty=s voice,
answered the phone when Petty called and knew Wells had picked up Petty.  We hold that the trial court did not conclude
that identity was not or is not an issue solely on the basis of Petty=s guilty
plea.  See Eubanks v. State, 113
S.W.3d 562, 566 n.1 (Tex. App.CDallas
2003, no pet.) (noting that identity was not an issue where victim was
convicted person=s daughter); Morris v. State,
110 S.W.3d 100, 103 (Tex. App.CEastland
2003, pet. ref'd) (holding that identity was not an issue because convicted
person was victim=s mother=s long‑term
boyfriend); Hart v. State, No. 04‑03‑00116‑CR, 2004 WL
199271, at *3 (Tex. App.CSan Antonio Feb. 4, 2004, no
pet.) (mem. op.) (not designated for publication) (holding that trial court
based its conclusion that identity was not issue in case on evidence that
complainant knew and identified convicted person); Luna v. State, No.
02-03-00012-CR, 2003 WL 21940907, at *1 (Tex. AppCFort
Worth Aug. 14, 2003, pet. ref=d) (mem.
op.) (not designated for publication) (holding that trial court did not base
finding that identity was not an issue in case on convicted person=s guilty
plea, but on affidavit of complainant=s mother
who identified convicted person as her daughter=s
assailant).  Thus, we hold that the trial
court properly denied Petty=s
request for forensic DNA testing.  See
Act of April 3, 2001, 77th Leg., R.S., ch. 2, ' 2, 2001
Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B)); Tex. Code Crim. Proc. Ann. art.
64.03(b).  We overrule Petty=s sole
point and affirm the trial court=s
judgment.    

 

 

SUE
WALKER

JUSTICE

 

PANEL F: CAYCE, C.J.;
WALKER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:     September 7, 2006

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Because Petty filed his request for DNA testing on
October 12, 2002, this appeal is governed by the 2001 law.  See Act of April 25, 2003, 78th Leg.,
R.S., ch. 13, '' 8‑9, 2003 Tex. Gen. Laws 16, 17 (providing that
former law governs motions for DNA testing filed before September 1, 2003).





[3]The State attached the affidavits of the complainant
and the complainant=s friend to its response to Petty=s motion
for DNA testing, and it presented the court with AState=s Proposed Memorandum, Findings of Fact, and
Conclusions of Law,@ which the trial court adopted in its order denying
Petty=s motion.