Kerry Ray Petty v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-06-032-CR

KERRY RAY PETTY APPELLANT

V.

THE STATE OF TEXAS
 STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kerry Ray Petty 
pleaded guilty to the offense of aggravated kidnapping, and the trial court sentenced him to ten years’ confinement. 
 Petty filed a postconviction motion for forensic DNA testing, and the trial court denied the motion.  In a single point, 
Petty argues that the trial court improperly considered his guilt in denying his motion for DNA testing.  Specifically, he contends that the trial court based its finding that identity was not an issue in the case solely on his guilty plea.  

In reviewing a trial court’s decision on a motion for DNA testing, we employ a bifurcated standard of review.  
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  We defer to the trial court’s determination of issues of historical fact and issues that turn on credibility and demeanor, while we review

de novo whether the trial court was required to grant a motion for DNA testing under chapter 64 of the Texas Code of Criminal Procedure.  
Whitaker v. State
, 160 S.W.3d 5, 8 (Tex. Crim. App.), 
cert. denied
, 543 U.S. 864 (2004); 
Rivera
, 89 S.W.3d at 59.  

To obtain DNA testing under chapter 64 of the Texas Code of Criminal Procedure, the court must find that (1) the evidence still exists and is in a condition making DNA testing possible and has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect and (2) identity was or is an issue in the case.  
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann. 
art. 64.03(a)(1) (Vernon Supp. 2006)).
(footnote: 2)  When a convicted person who pleaded guilty or nolo contendere in the case submits a motion for DNA testing, the convicting court is prohibited from finding that identity was not an issue in the case 
solely on the basis of that plea
.  
Tex. Code Crim. Proc. Ann. 
art. 64.03(b).   Here, the trial court made the following findings of fact.
(footnote: 3)  The complainant, Jennifer Wells, knew Petty because he was her husband.  Petty called Wells at her friend Carol’s house.  Carol answered the phone and “knew it was Defendant.”  Petty spoke with Wells and asked her to come over; when Wells arrived, the two got into an argument.  Petty “then forced Wells to accompany him to many different locations” and told her that he was going to shoot her.  Carol became worried about Wells and called the number that came up on her Caller ID when Petty had called; someone told her that Wells had picked up Petty.  The trial court found that no evidence existed that Wells lied about Petty kidnapping her or that Carol was mistaken about who called her house.  The court concluded that identity is not or was not an issue in the case and that Petty failed to meet his burden because the record contains substantial evidence of his guilt.  

Petty had to show that identity was or is an issue in the case,
 
see Wilson v. State
, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006), but he has never claimed that the State was prosecuting the wrong man; he claims only that the trial court improperly considered his guilty plea in determining the issue of identity.  The trial court concluded that identity is not or was not an issue because Wells was Petty’s wife and could obviously identify Petty as her assailant and because Carol, who knew Petty’s voice, answered the phone when Petty called and knew Wells had picked up Petty.  We hold that the trial court did not conclude that identity was not or is not an issue solely on the basis of Petty’s guilty plea.  
See Eubanks v. State
, 113 S.W.3d 562, 566 n.1 (Tex. App.—Dallas 2003, no pet.) (noting that identity was not an issue where victim was convicted person’s daughter);
 Morris v. State
, 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. ref'd) (holding that identity was not an issue because convicted person was victim’s mother’s long-term boyfriend); 
Hart v. State
, No. 04-03-00116-CR, 2004 WL 199271, at *3 (Tex. App.—San Antonio Feb. 4, 2004, no pet.) (mem. op.) (not designated for publication) (holding that trial court based its conclusion that identity was not issue in case on evidence that complainant knew and identified convicted person); 
Luna v. State
, No. 02-03-00012-CR, 2003 WL 21940907, at *1 (Tex. App—Fort Worth Aug. 14, 2003, pet. ref’d) (mem. op.) (not designated for publication) (holding that trial court did not base finding that identity was not an issue in case on convicted person’s guilty plea, but on affidavit of complainant’s mother who identified convicted person as her daughter’s assailant).  Thus, we hold that the trial court properly denied Petty’s request for forensic DNA testing.  
See 
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann. 
art. 64.03(a)(1)(B)); 
Tex. Code Crim. Proc. Ann. 
art. 64.03(b).  We overrule Petty’s sole point and affirm the trial court’s judgment. 

SUE WALKER

JUSTICE

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
.
 47.2(b)

DELIVERED:     September 7, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Because Petty filed his request for DNA testing on October 12, 2002, this appeal is governed by the 2001 law.  
See 
Act of April 25, 2003, 78th Leg., R.S., ch. 13, §§ 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs motions for DNA testing filed before September 1, 2003).

3:
The State attached the affidavits of the complainant and the complainant’s friend to its response to Petty’s motion for DNA testing, and it presented the court with “State’s Proposed Memorandum, Findings of Fact, and Conclusions of Law,” which the trial court adopted in its order denying Petty’s motion.