# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00253-CR

### In re Jeffrey Allen Whitfield

**FROM THE 27TH DISTRICT COURT OF BELL COUNTY**
**NO. 63048, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Jefferey Allen Whitfield, proceeding pro se, appeals the district court's order denying his post-conviction motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 64.01-64.05. Because we conclude that Whitfield failed to demonstrate that the requirements of Chapter 64 of the Texas Code of Criminal procedure are met, we will affirm the district court's order.

## BACKGROUND[1]

One early morning, in February 2008, a police officer on patrol discovered a vehicle parked in an isolated area off a dirt road in Bell County. The officer stopped to investigate and using his spotlight, observed a male and female in the vehicle. Upon the officer's request, the female got out of the vehicle and reported to the officer that the male was attempting to force her, at gunpoint, to have sexual intercourse. Later that day, the female

---

[1] Because the facts of the underlying case are well known to the parties and are set forth in the Court's opinion affirming Whitfield's conviction, we do not recite them in detail here. *See Whitfield v. State*, No. 03-09-00434-CR, 2010 Tex. App. LEXIS 6366, at *7 (Tex. App.—Austin Aug 3., 2010, pet. dism'd) (mem. op., not designated for publication).

complainant was examined by a sexual-assault-nurse examiner (SANE), where she related to the SANE that she was forced to perform oral sex at gunpoint. The SANE obtained oral swabs from the complainant for the purpose of preserving potential DNA evidence.

In May 2008, Whitfield was charged with aggravated sexual assault. *See* Tex. Penal Code § 22.021. At trial, the complainant testified that she was walking home from a friend's house at 2:30 a.m. when a vehicle pulled up beside her. The driver, whom she identified as Whitfield, asked her for directions and then offered to give her a ride. Although she initially refused the offer, she eventually accepted and got into the vehicle. Whitfield began to drive around and eventually turned on to a dirt road, where he stopped the vehicle. The complainant testified that Whitfield then offered her drugs in exchange for sex, and after she refused, he produced a pistol, pointed it to her head, and forced her to masturbate him and then to perform oral sex on him.

During the punishment phase, Whitfield admitted that he engaged in sexual contact with the victim but contended that the complainant had consented to that contact. At the conclusion of trial, Whitfield was found guilty of the charged offense, and the district court assessed punishment at ninety-nine years' confinement. On appeal, this Court affirmed the conviction. *See Whitfield v. State*, No. 03-09-00434-CR, 2010 Tex. App. LEXIS 6366, at *7 (Tex. App.—Austin Aug. 3, 2010, pet. dism'd) (mem. op., not designated for publication).

On February 17, 2022, Whitfield filed a motion seeking DNA testing of the oral swabs that were procured during the SANE examination.[2] In his motion, Whitfield points out

---

[2] Whitfield has filed multiple post-conviction motions for DNA testing. *See In re Whitfield*, No. 03-19-00582-CV, 2020 Tex. App. LEXIS 3353, at *3-4 (Tex. App.—Austin Apr. 22, 2020, orig. proceeding) (mem. op.) (discussing Whitfield's previous motions for DNA testing). Most recently, Whitfield attempted to appeal an order denying a motion for DNA

that although the complainant claimed to have been forced to perform oral sex, previous testing of the swabs did not reveal any sperm or semen. According to Whitfield's motion, retesting of oral swabs using newer testing techniques would prove that he did not assault the victim. In his affidavit, attached in support of his motion, Whitfield denies forcing the complainant to engage in sexual activity and states that his sexual contact with the victim was limited to the victim kissing him on the "outside of his mouth" and neck.

The district court denied Whitfield's motion for DNA testing and, upon Whitfield's request, entered findings of fact and conclusion of law. In denying Whitfield's motion, the court determined that he was not entitled to forensic DNA testing because, in part, he had failed to establish that "identity was or is an issue in the case." *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(B). This appeal followed. *See id*. art. 64.05 (authorizing appeals from rulings on motions for forensic DNA testing).

**BACKGROUND LAW AND STANDARD OF REVIEW**

Under Chapter 64 of the Code of Criminal Procedure, "a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material." *Id.* art. 64.01(a-1). When requesting testing of evidence that was previously subjected to DNA testing, the convicted person must show that although previously subjected to DNA testing, the evidence "can be subjected to testing with new techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." *See id.* art. 64.01(b)(2).

---

testing, signed by the district court on February 2, 2021. *See In re Whitfield*, No. 03-21-00170-CR, 2021 Tex. App. LEXIS 9112, at *1 (Tex. App.—Austin Nov. 10, 2021, no pet.) (mem. op., not designated for publication). Because the appeal was untimely, we dismissed the appeal for want of jurisdiction. *Id.* at *2.

3

A convicted person moving for DNA testing must demonstrate that certain statutory requirements are met. *See id.* art. 64.03 (requirements for forensic DNA testing). Among other things, the convicting court must find that "identity was or is an issue in the case," *id*. art. 64.03(a)(1)(C), and the convicted person must establish by a preponderance of the evidence that "the person would not have been convicted if exculpatory results had been obtained through DNA testing," *id.* art. 64.03(a)(2)(A). In this context, a "preponderance of the evidence" means that "a greater than 50% likelihood" that the defendant "would not have been convicted had any exculpatory results generated by the proposed testing been available at the time of [his] trial." *Holberg v. State*, 425 S.W.3d 282, 287 (Tex. Crim. App. 2014). "Exculpatory results" means only results excluding the convicted person as the donor of the DNA. *Hall v. State*, 569 S.W.3d 646, 655-56 (Tex. Crim. App. 2019).

Ordinarily, we review a trial court's decision to deny a motion for postconviction DNA testing under a bifurcated standard of review. *Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017). Under this standard, we defer to the trial court's findings of historical fact and application-of-law-to-fact issues that turn on the credibility and demeanor of the witnesses. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011). However, where, as here, the trial court decides the motion based solely on the written submissions, the trial court is in no better position than we are to decide the issues, and we review the issues de novo. *Smith v. State*, 165 SW.3d 361, 363 (Tex. Crim. App. 2005).

4

## ANALYSIS

In his first issue on appeal, Whitfield contends that the district court erred in concluding that "identity was not or is an issue in this case."[3] *See* Tex. Code of Crim. Proc. art. 64.03.

"The identity requirement in Chapter 64 relates to the issue of identity as it pertains to the DNA evidence." *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008). Therefore, regardless of the strength of the identification evidence adduced at trial, a defendant can make identity an issue in the case by showing that DNA tests would prove his innocence. *Sims v. State*, No. 03-14-00201-CR, 2014 Tex. App. LEXIS 13434, at *6 (Tex. App.—Austin Dec. 17, 2014, no pet.) (mem. op., not designated for publication) (citing *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009); *Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007)). However, "if DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused," then the requirements for DNA testing under Chapter 64 have not been met. *Prible*, 245 S.W.3d at 470.

Based on our review of the record, we conclude that the district court did not err in finding that identity was not an issue in the proceedings that resulted in Whitfield's conviction. The undisputed evidence from trial shows that Whitfield was alone with the complainant when the alleged attack occurred. She testified as to how she met Whitfield and how the attack was carried out, and she identified Whitfield as the lone attacker. In addition, no

---

[3] Specifically, the district court found:

> There is no issue of identity in this case, in that: the record reflects that the defendant and the victim were alone together when the offense occurred and when discovered by law enforcement; when the defendant testified at his punishment hearing he admitted that he and the victim had sexual contact but said it was consensual; and the victim identified the defendant in court as her attacker.

evidence suggesting that another individual was potentially involved or responsible was presented, and during the punishment phase, Whitfield admitted to having sexual contact with the complainant, although he asserted that it was consensual. In short, the issue at trial was not *who* had sexually assaulted the complainant. Instead, the issue was whether sexual contact occurred between Whitfield and the complainant and whether that contact was nonconsensual, such that a sexual assault had occurred when the officer discovered the complainant in Whitfield's vehicle. *See Williams v. State*, No. 05-05-01213-CR, 2006 Tex. App. LEXIS 9626, at *4 (Tex. App.—Dallas Nov. 7, 2006, no pet.) (mem. op., not designated for publication) (concluding that identity was not at issue in sexual-assault case where issue was whether victim consented).

Nevertheless, Whitfield contends that if "more accurate and more reliable testing" were conducted and the results of the testing showed that a third party was the sole source of "identifiable biological evidence," it would prove his innocence. We disagree. At trial, the SANE testified that she took oral swabs because the complainant had reported that she was forced to perform oral sex and that seminal fluid was excreted. The forensic scientist testified that although no semen was detected on the swabs, this result was not unusual and that, in fact, she had never had an oral swab test positive for semen. However, despite this lack of DNA evidence, the jury found Whitfield guilty of the alleged assault. While the presence of semen from someone other than Whitfield could establish that the complainant had sexual contact with someone other than or in addition to Whitfield, he does not explain, and nothing in the evidence suggests, how this evidence would rule him out as the complainant's attacker. *See In re Valchar*, No. 03-09-00127-CR, 2010 Tex. App. LEXIS 3226, at *6 (Tex. App.—Austin Apr. 29, 2010, no pet.) (mem. op., not designated for publication) (explaining that presence of someone else's

6

DNA on complainant's clothing would not exculpate appellant "because there is no factual basis for concluding that this semen was the attacker's and not complainant's boyfriend"). That is, Whitfield has failed to show, by a preponderance of the evidence, that if the jury had heard evidence that the oral swabs contained semen from a third party, the jury would have concluded that someone other than Whitfield had sexually assaulted the complainant in his vehicle or that the assault in the vehicle did not occur. *See Hall*, 569 S.W.3d at 658 ("The presence of a third party's DNA is so strongly exonerating when it is clear that the biological material in question was left by a lone assailant."); *see also Fothergill v. State*, No. 05-15-00862-CR, 2016 Tex. App. LEXIS 3691, at *7 (Tex. App.—Dallas Apr. 11, 2016, pet. ref'd) (mem. op., not designated for publication) ("A trial court does not err in denying post-conviction DNA testing where, at most, exculpatory DNA tests would 'merely muddy the waters.'" (quoting *Eubanks v. State*, 113 S.W.3d 562, 565 (Tex. App.—Dallas 2003, no pet.)).

The district court did not err in concluding that identity was not and is not an issue in the case, and consequently, we overrule Whitfield's first issue on appeal. Because Whitfield failed to demonstrate that the requirements of Chapter 64 were met, the court did not err in denying his motion for DNA testing.[4]

---

[4] In addition, it appears that Whitfield may not have laid the proper foundation under Chapter 64 for requesting the retesting of the oral swabs. *See* Tex. Code Crim. Proc. art. 64.01(b)(2) (allowing for forensic DNA retesting where the evidence "can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test"). Nothing in Whitfield's motion specifies what newer testing methods are available or why such testing would likely produce different results. Because we can affirm the district court's ruling on the ground that identity was not and is not an issue, we need not decide this issue. *See Fothergill v. State*, No. 05-15-00862-CR, 2016 Tex. App. LEXIS 3691, at *7 (Tex. App.—Dallas Apr. 11, 2016, pet. ref'd) (mem. op., not designated for publication) (noting that appellant did not establish that retesting was warranted under article 64.01(b)(2) but affirming denial of motion for DNA testing on other ground). Similarly, we need not decide Whitfield's remaining appellate issues, in which he

**CONCLUSION**

We affirm the district court's order denying appellant's motion for forensic DNA testing.

_____

Chari L. Kelly, Justice

Before Justices Baker, Kelly, and Theofanis

Affirmed

Filed:   August 29, 2023

Do Not Publish

---

argues that the district court erred "in finding that there is no biological fluid that was detected on the oral swabs" and that "there are no reasonable grounds for a motion for DNA testing." *See* Tex. R. App. P. 47.1.